

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 22, 1993

Mr. Lionel R. Meno
Commissioner
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-196

Re: Whether the prekindergarten program established by section 21.136 of the Education Code is part of elementary education under Texas law, and related questions (RQ-436)

Dear Commissioner Meno:

You have asked us to answer several questions posed by the United States Department of Education (the department) regarding the prekindergarten program established by section 21.136 of the Education Code. The department wants answers to these questions so that it can determine whether the school districts in Texas are eligible to receive impact-aid assistance for children enrolled in prekindergarten classes.

The impact-aid statute is designed to give local educational agencies (LEAs) federal financial assistance when federal activities affect the revenue available to the LEAs or the number of children they serve. 20 U.S.C. § 236. Under section three of the statute, an LEA may claim payments for federally-connected children[1] who are receiving "free public education" from the LEA. *Id.* § 238. The regulations enacted under the statute further provide that, to be eligible for impact aid, an LEA must be responsible under the applicable state or federal law for providing free public education to the children for whom the aid is claimed and must actually be providing the free public education to those children. In addition, the state must provide funds for the education of the children for whom the aid is claimed on the same basis as all other children attending public school in the state. 34 C.F.R. § 222.80. The statute defines free public education as "education which is provided at public expense, under public supervision and direction, and without tuition charge, and which is provided as elementary or secondary school education in the applicable State." 20 U.S.C. § 244(4).

---

[1]"Federally-connected children" are children whose parents reside or work on federal property or Indian lands, whose parents are on active duty in the uniformed services, or whose parents are refugees. *Id.* § 238(a), (b).

The department's first three questions concern the status of the prekindergarten program under Texas law and are as follows:

> 1) Is the Texas prekindergarten program considered to be part of elementary education under Texas State law? If so, how and by what authority?

> 2) Section 21.031 of the Texas [Education] Code indicates that every child who is a citizen of the United States or a legal alien and is over the age of five on the first day of September shall be entitled to the benefits of the Available School Fund for that year. The statute further provides that every child over the age of five is permitted to attend the public free schools of the district in which he resides. In addressing question 1, please address the possible implication of these provisions that education for four year olds is not elementary or free public education under Texas law.

> 3) Similarly, section 21.131 of the Texas [Education] Code states that each school district in Texas shall establish and maintain as a part of the "public free schools" one or more kindergartens for the training of five year olds. Section 21.136, which authorizes the establishment of a prekindergarten program for four year olds, does not indicate that the prekindergarten program is considered to be a part of the public free schools. In addressing question 1, please address the meaning of this omission.

We conclude that the Texas prekindergarten program is part of the public free schools under Texas law. Section 21.031(a) of the Education Code specifically provides that children enrolled in prekindergarten classes are entitled to the benefits of the available school fund. Under article VII, section 5 of the Texas Constitution, however, the available school fund may be used only for the support of public free schools. Therefore, either the prekindergarten program is a part of the public free schools under Texas law or section 21.031(a) of the Education Code is unconstitutional under the Texas Constitution. We must presume that a statute is constitutional. *County of Cameron v. Wilson*, 326 S.W.2d 162, 165 (Tex. 1959). Furthermore, all reasonable doubts about the validity of a statute must be resolved in favor of its validity. *Greene v. Robison*, 8 S.W.2d 655, 656 (Tex. 1928). Because nothing in either the constitution or the statutes of Texas suggest that the prekindergarten program cannot be part of the public free schools, we believe the phrase "public free schools" must be interpreted to encompass the prekindergarten program.

The first sentence of section 21.031(a) suggests that only children between age five and age twenty-one are entitled to the benefits of the available school fund. However, the second sentence of section 21.031(a) explicitly brings prekindergarten children within

the group of children entitled to the benefits of the available school fund. This section, in its entirety, reads:

> All children who are citizens of the United States or legally admitted aliens and who are five years of age or older and under the age of 21 years on the first day of September of any scholastic year shall be entitled to the benefits of the Available School Fund for that year. *All other children enrolled in a prekindergarten class under Section 21.136 of this code are entitled to the benefits of the Available School Fund.*

Educ. Code § 21.031(a) (emphasis added). Therefore, this section expressly and unequivocally supports the conclusion that the prekindergarten program is part of the public free schools.

Furthermore, we do not believe that the omission of the phrase "public free school" from section 21.136 is significant. If a program is eligible for the benefits of the available school fund, then it must be a part of the public free schools; whether the statute creating the program explicitly refers to it as a part of the public free schools is irrelevant.

You also ask whether the prekindergarten program is "elementary education" under Texas law. "Elementary education" is not a term of art under Texas law and is not given a consistent definition in the Texas statutes.[2] We note, however, that the prekindergarten program is part of elementary education in some significant contexts. For example, article VIII, sections 1-b(c) and 1-b(d) of the Texas Constitution deal with tax exemptions and refer to "ad valorem taxation for general elementary and secondary public school purposes." In this context, "elementary . . . public school purposes" must include prekindergarten. School districts clearly have the authority to use ad valorem tax revenue to support prekindergarten programs, and the tax exemptions must apply to the taxes used to support those programs. Because prekindergarten is not a secondary school purpose, it must be part of elementary education for the purposes of these sections. Similarly, the section of the Texas Administrative Code dealing with elementary-school curriculum includes the provisions regarding prekindergarten programs. 19 TAC § 75.141(g); *see also* Educ. Code §§ 15.01(c), 20.09; Tax Code § 11.13(m)(2).

The fourth question has two parts, which we will address separately. First, the department asks whether the state provides funding for the education of federally-connected prekindergarten children on the same basis as for all other prekindergarten public-school children in the state. We conclude that it does. The state provides funding for local school districts through the Foundation School Program, and section 16.003(b)

---

[2]In our opinion, the operative term of art is "public free schools," the phrase used in the Texas Constitution.

of the Education Code specifically states that all prekindergarten children are entitled to the benefits of the Foundation School Program. Under the current school-financing scheme,[3] the Foundation School Program has two funding tiers. In the first tier, each school district receives a specific allotment for each student in average daily attendance.[4] This allotment comes from three sources: (1) the school district's share of the revenue collected by the county education district;[5] (2) the state available school funds distributed to the school district; and (3) a grant from the commissioner of education equal to the difference between the district's tier-one entitlement and the amount the district receives from the other two sources. Educ. Code § 16.251(b). The Texas Constitution and the Education Code both require that the available school fund be distributed to the counties according to their scholastic population. Tex. Const. art. VII, § 5; Educ. Code § 15.01(b). Similarly, the amount of the grant from the commissioner of education will depend on the number of students in the school district and the tax base in the county education district. See Educ. Code § 16.254(b). In the second tier, the state guarantees each school district a certain amount of money per weighted student for each penny of tax effort up to 45 cents,[6] regardless of the value of the property in the school district. See Educ. Code §§ 16.302(a), 16.303. If a school district cannot raise the guaranteed amount from its tax base, the state makes up the difference.[7] Thus, in this tier, as in the first tier, the state's contribution to each school district depends on the weighted average daily attendance in the district and the value of the property in the district. We are not aware of anything in Texas law that permits the state to make distinctions between federally-

---

[3]This scheme has been declared unconstitutional under the Texas Constitution by the Texas Supreme Court; however, it will remain in effect until June 1993. See Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist., 826 S.W.2d 489, 522-23 (Tex. 1992). Thus far, the Texas Legislature has not adopted a school-financing scheme to replace the current scheme.

[4]The allotment for each district consists of a basic allotment with any applicable adjustments plus special allotments. For the 1991-1992 school year, the basic allotment was $2,200; for the 1992-1993 school year, the basic allotment will be $2,400. Educ. Code § 16.101. The basic allotment is adjusted to reflect geographic variations in resource costs and the costs of education due to factors beyond the district's control. Id. § 16.102. The basic allotment is also adjusted for particularly small or sparsely populated districts. Id. §§ 16.103, 16.104. In addition to the basic allotment, each school district receives special allotments for various programs such as special education. Id. §§ 16.151 - .160.

[5]A county education district is a taxing entity created by the Texas Legislature out of a group of local school districts. A county education district's sole function is to levy, collect, and distribute taxes on all property within the district. Educ. Code § 16.501(a), (b).

[6]School districts may levy more than 45 cents in taxes, but the state will not guarantee the yield on any additional taxes. See Educ. Code § 16.303.

[7]For example, if a district with 1000 students and $150,000 worth of taxable property per student imposes twenty additional cents of taxes, that district will raise only $15 per student for each penny of taxes it levies. During the 1992-1993 school year, this district would receive $7.50 per student per penny of tax effort ($22.50-$15.00) in tier-two state funding. See Educ. Code § 16.302.

connected children and other children with regards to providing funds for any public-school programs.

The second part of the fourth question asks this office to indicate whether each LEA's portion of the state funding was reduced for the 1990 and 1991 fiscal years and, if so, at whose expense. The opinion process is not designed to respond to questions regarding facts; therefore, we cannot answer this question from our own knowledge. However, we are informed by the General Counsel of the Texas Education Agency that the state did reduce each LEA's allocation proportionally for the 1989-1990 and 1990-1991 school years. The reduction was accomplished by a percentage proration across the state. During the 1989-1990 school year, each school district's allocation was reduced by 4.2 percent. During the 1990-1991 school year, each school district's allocation was reduced by approximately 23 percent.

Finally, the department asks: "[O]n what basis do Texas school districts offer prekindergarten classes? For example, are they permitted to educate any four year olds that may wish to attend or is attendance strictly limited to children who are either limited English proficient or from a family whose income is at or below subsistence level." We conclude that section 21.136 of the Education Code permits school districts to offer prekindergarten classes to all four-year-old children who wish to attend. Section 21.136 provides, in pertinent part:

> (a) Any school district may offer prekindergarten classes, but a district shall offer prekindergarten classes if the district identifies 15 or more eligible children who are at least four years of age. A school district may offer prekindergarten classes if the district identifies 15 or more eligible children who are at least three years of age.

> (b) To be eligible for enrollment in a prekindergarten class a child must be at least three years of age and must be:

> > (1) unable to speak and comprehend the English language; or

> > (2) from a family whose income, according to standards set by the State Board of Education, is at or below subsistence level.

Although this language is susceptible to two interpretations, the legislative history indicates that any four year old may attend prekindergarten classes. During the hearings regarding this legislation in the House Committee on Public Education, it was explained that this section permits any school district to provide prekindergarten classes if it so desires and requires school districts to offer prekindergarten classes when they identify 15 or more "eligible children," as that term is defined in section 21.136(b). Hearings on H.B. 72 Before the House Comm. on Public Education, 68th Leg. (June 14, 1984) (tape available from House Committee Coordinator). Thus, school districts are permitted to educate all four year-old children, not just four year-old children who meet the criteria in

section 21.136(b). However, districts are required to offer prekindergarten classes only to children who meet the criteria in section 21.136(b) and only when a district identifies 15 or more of these children.

## S U M M A R Y

The prekindergarten program created by section 21.136 of the Education Code must be a part of the "public free schools" under Texas law because prekindergarten students are entitled to the benefits of the available school fund; under article VII, section 5 of the Texas Constitution, the available school fund can be used only for the support of the public free schools..

The state bases the funding it provides to local school districts on the district's weighted average daily attendance and its tax base; we can find nothing in Texas law that permits the state to make distinctions between federally-connected children and other children with regards to funding for the prekindergarten program.

Texas school districts are permitted to enroll any four year old in prekindergarten classes. However, the statute requires the districts to establish a prekindergarten program when they identify 15 or more children who meet the criteria in section 21.136(b) of the Education Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General